Deaderick, J.,
delivered tbe opinion of tbe court:
Plaintiff obtained in tbe circuit court of Obion county, a judgment against tbe Mobile & Ohio Railroad Company, on tbe 16th of July, 1868, for $484.51, and $11.50 costs.
Execution was issued upon this judgment 3d of August, 1868, and returned no property found, by tbe deputy sheriff.
Tbe deputy sheriff also returned with bis execution a summons directed to> "Win. T. Osborn, in which be was required to answer at tbe next term of tbe circuit court as garnishee. A copy of this garnishment as tbe deputy sheriff returns, was delivered to Osborn, on tbe 4th day of August, 1868.
At tbe next November term, tbe garnishee failed to appear, and at tbe succeeding March term a conditional judgment was rendered against him, and scire facias ordered, and issued returnable to tbe next term, requiring him then to appear and show cause why judgment final should not be rendered against him.
Tbe garnishee appeared at tbe July term, 1869, and answered, bis answer being reduced to writing, sworn to, and signed by him.
Tbe cause was continued until November term, 1870, when tbe plaintiff and garnishee appeared by attorney, and upon motion of the garnishee by bis attorney, tbe garnishee was discharged upon his answer, and the plaintiff appealed to this court.
Tbe regularity of the original judgment has been discussed, but the court having jurisdiction of tbe defendant, and of tbe subject-matter, and no appeal having been taken from that judgment, we are of opinion that, even if there were irregularities in that judgment, it-is not void, and it is not before us upon revision further than to see that there was a valid, subsisting judgment, upon which an *337 execution might issue, and of wbicb the subsequent proceedings of garnishment might be predicated.
The garnishee, stated that he was depot agent of the defendants from 1st of April, 1866, to 1st of August, 1868, and when he quit the service of said company he had in his hands the sum of $1,138.30.
For this sum he was liable to the company, subject as he states, to the following deductions and credits, to -wit:
Salary due him for six months.$300 00
Paid judgment to Fletcher as garnishee, February 1st, 1868 ." 76 69
Paid to Isaac Spencer on similar proceedings about same time. 169 00
Other sums were paid out to different persons, leaving in his hands, as he states it. 254 83
It further appeared, arid was admitted, that claims which the garnishee insisted should come out of his indebtedness to the company, and were so deducted by him, amounting to $254, had been paid out by him after the service of the garnishment on him and for which he was not liable at its service, making, without estimating other questionable disbursements and claims made by him, a sum in his hands, for which he was liable to defendants in the execution, greater than the amount due to plaintiffs in the execution' from the defendant therein.
And for the sum due upon the execution, we are of opinion a judgment should have been rendered in favor of the plaintiff against the garnishee, and the judgment of the court belov will be reversed and judgment rendered here against the garnishee for the amount due upon the execution and the costs, except the costs below incident to. the garnishment, which will be paid by plaintiff, and the costs of this court will be paid by the garnishee.